## KOWALSKI v. UNITED STATES BUREAU OF IMMIGRATION et al.

District Court, S. D. California, S. D. May 12, 1928.

**Aliens**   ⊜⟶54(5)—Deportation proceedings against alien temporarily admitted held not barred under three-year limitation statute (8 USCA § 155).

Deportation proceedings against alien, who was temporarily admitted for ninety days and classified as visitor, after quota for his nationality had been exhausted, and who failed to depart as required by law and terms of his temporary admission, *held* not barred by three-year limitation statute (8 USCA § 155); limitation on government, if any, being under five-year statute (8 USCA § 155).

Habeas Corpus. Petition by Jan Kowalski for writ of habeas corpus, directed to the United States Bureau of Immigration and Walter E. Carr, District Director at Los Angeles, Cal. Writ dismissed.

William Weinstein, of Los Angeles, Cal., for petitioner.

S. W. McNabb, U. S. Atty., of Los Angeles, Cal., for officers of Immigration Service.

HENNING, District Judge. It appears from the petition and from the brief of counsel that the petitioner, Jan Kowalski, is a citizen of Poland; that he arrived at the port of New York on the 1st day of April, 1924; that at the time of his arrival the quota for his nationality was exhausted; that he was thereupon temporarily admitted for ninety days and classified as a visitor; that upon the termination of the ninety days he did not depart as required by law and by the terms of his temporary admission; that in October, 1927, he was ordered to appear before the officers of the Immigration Service at Los Angeles for hearing as to why he should not be deported, and that thereafter a warrant was issued by the Secretary of Labor for his deportation.

The petitioner alleges that the officers of the United States are without jurisdiction to deport him; that he is not liable to become a public charge; that he is and has been a law-abiding inhabitant of the United States; that he has never been charged with crime, either in Europe or the United States; that he is not afflicted with any disease; that he is physically and mentally normal; and that he is entitled to become a citizen of the United States. He further alleges that if deported he is liable to suffer great and irreparable damage.

Petitioner's attorney in his brief takes the position that the United States has no power to deport an alien who overstayed his time after being lawfully admitted for a temporary visit, basing his assertion upon the fact, as he alleges, that the Congress has made no such provision by statute, and further that, if he had been deportable, the three-year statute of limitation bars such action now.

The statutes do provide that "alien who shall have entered the United States by water at any time or place other than as designated by immigration officials, or by land at any place other than one designated as a port of entry for aliens by the Commissioner General of Immigration * * * or who enters without inspection" (8 USCA § 155), shall be deported within three years. Other parts of the statute require a limitation of five years under certain conditions (8 USCA § 155). Counsel argues that one who has been temporarily admitted in accordance with law should be given as much consideration as one who entered without inspection, and that therefore the three-year statute should be applied in this case.

I am of opinion that this case is governed by the doctrine of Kaplan v. Tod, 267 U. S. 228, 45 S. Ct. 257, 69 L. Ed. 585. In that case a young girl accompanying her parents was found feeble-minded, and therefore inadmissible and excluded in 1914. Before she could be carried back to the land of her origin, war conditions closed the port from which she had sailed, and the ship prevented from making the return journey. Thereupon she was temporarily admitted under the provisions of law which authorize the Secretary of Labor to temporarily admit any otherwise inadmissible alien if in his judgment the ends of justice so required. Some time after the war, the immigration officers requested her departure, but the family refused. Thereupon a warrant of deportation was issued for her deportation. Meanwhile the father had become an American citizen by naturalization, and set up the claim that his minor child had thereby become a citizen also. In due course the case reached the Supreme Court of the United States on habeas corpus proceedings. At that time the alien had been in the United States nearly ten years.

The Supreme Court sustained the officers of the Immigration Service in a well-considered opinion. Among other things, the court say: "The appellant never has entered the United States within the meaning of the law, and is not properly described in the warrant as 'found in the United States in violation of the immigrant authorities.'" That reasoning is true of the petitioner in this case. When his period of temporary admission, to wit, three months, had expired, he had no status of any kind within our laws. He was then one who "never has entered the United States within the meaning the law."

It appears from the record that, while the petitioner was admitted as a visitor, he promptly proceeded to violate that status by taking employment with moving picture studios.

In his petition and brief, petitioner complains that by deportation he would be liable to suffer great damage, and further that he is entitled to become a citizen of the United States. It is clear that his purpose was to remain permanently after having been temporarily landed as a courtesy by our government, extended to the national of a friendly nation. Thousands upon thousands of other aliens were refused the great privilege extended to petitioner when the quotas of their respective countries were exhausted, and they could not be admitted as immigrants. Instead of showing appreciation of the fact that this great government had ex-

tended him an unusual courtesy, he exhibited the rankest kind of bad faith, and repaid with contempt the kindness done him. He is in no position to invoke the rule of fair dealing.

There is no force in petitioner's contention that the statute of limitations has tied the hands of the officers of our government in the matter. In the case of Kaplan v. Tod, supra, the Supreme Court declares that the statute of limitations has no application to one situated as was the petitioner, Kaplan. There is no substantial difference between the situation of this petitioner and the Kaplan girl. However, if the statute of limitations have any application to the situation in this case, it would be the five-year statute and not the three-year statute. Five years had not expired from the time of his landing to the time the warrant was issued.

The writ of habeas corpus is dismissed.