McCANDLESS, Commissioner of Immigration, v. UNITED STATES ex rel. SWYSTUN.

Circuit Court of Appeals, Third Circuit. June 14, 1929.

No. 3926.

George W. Coles, U. S. Atty., and Charles Denby, Jr., Asst. U. S. Atty., both of Philadelphia, Pa., for appellant.

Adrian Bonnelly, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge. Theodore John Swystun, a citizen of the republic of Roumania, and a graduate of two European colleges, went to Canada in 1921 and entered the University of Alberta as a law student, which institution he attended for a year, On November 1, 1922, he entered the United States at the port of Seattle from Vancouver. Seven days after landing, he declared his intention to become a citizen of the United States and entered the United States Army, where he served two years and was honorably discharged. He at once applied by petition for naturalization in San Francisco, in accordance with law, but instead he was reported to the immigration authorities for deportation. He was thereupon arrested, given a hearing, and released on bail. Subsequently, he came to Philadelphia, was married on February 20, 1926, to a citizen of the United States, in which city he has since resided and now resides with his wife and child, and is a senior student in the law department of Temple University. A warrant of deportation was issued by the Secretary of Labor on January 25, 1926, for his deportation to Roumania on the ground that "he was a person likely to become a public charge at the time

of his entry"; that "he was not at the time of his entry in the United States, in possession of a properly visaed passport"; that "the quota for the year ended June 30, 1922, allotted to the country of which he is a native is exhausted"; and that "he entered the United States without inspection at Seattle, Wash., on November 8, 1922."

When taken into custody on the warrant, a writ of habeas corpus was issued, and, on hearing before Judge Dickinson, the relator was discharged. The learned court held that there was absolutely nothing in the evidence upon which a finding could be based that the relator was likely to become a public charge, and on the contrary this allegation was contradicted by every fact in the case. The court's finding that on that charge the relator did not have a fair hearing cannot be questioned.

It is unnecessary here to consider the reason and conclusion of the court touching the other grounds on which the order of deportation was based—this because the government was barred from the proceeding by the statute of limitations. It appears that this question was not raised before the court on the habeas corpus proceedings, but was raised and pressed by the appellee before this court on appeal.

■■ This question of limitation is disposed of in the case of Kanaszczyc v. Mathews (C. C. A.) 30 F.(2d) 573. Section 19 of the Act of February 5, 1917 (8 USCA § 155) contains the authority giving to the Secretary of Labor the power to deport, but this section has a five-year and a three-year limitation for the deportation of aliens. Many cases are enumerated in the first part of the section to which the five-year limitation is applicable, but near the end of the section it is provided as follows:

"At any time within three years after entry, any alien who shall have entered the United States by water at any time or place other than as designated by immigration officials, or by land at any place other than one designated as a port of entry for aliens by the Commissioner General of Immigration, or at any time not designated by immigration officials, or who enters without inspection, shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

In the Kanaszczyc Case it was held that, while the general language at the beginning of the section, if standing alone, might well be held applicable to any alien who had entered or was found in the country in violation of any of its laws, yet Congress clearly intended by the subsequent provision to pro-

vide a shorter limitation in certain cases, and that under familiar rules of construction this subsequent provision is exclusively applicable to cases which come within its terms, namely, (1) entry by water at a time or place other than designated by immigration officials; (2) by land at a place other than designated as a port of entry; (3) at any time not designated by immigration officials; and (4) without inspection.

The court therefore held that the three-year limitation was applicable to the case under consideration. We agree with that court in its reasoning and conclusion. In this case the relator entered the United States on or about November 8, 1922, and the warrant of deportation was not issued until November 25, 1926, more than three years after entry.

It was held by this court, in the case of Hughes v. Tropello, 296 F. 306, that deportation proceedings mean the warrant of deportation and not merely the warrant of arrest, and, if such warrant of deportation is not issued within the statutory period, the power of deportation is exhausted.

As the three-year period of limitation is applicable in this case, the order of the District Court discharging the relator was right, and the judgment is therefore affirmed.