## UNITED STATES ex rel. MERCURI v. MARSHALL, Immigration Inspector.

District Court, W. D. Pennsylvania. December 28, 1929.

No. 55.

M. Stancati, of Pittsburgh, Pa., for relator.

Zeno Fritz, Asst. U. S. Atty., for Immigration Inspector.

McVICAR, District Judge. The relator, in his petition for a writ of habeas corpus, alleges that he is illegally deprived of his liberty by W. H. Marshall, immigration inspector of the United States, located at Pittsburgh. Answer was filed by the inspector, a hearing was held, and arguments were made by counsel.

From the evidence it appears that relator entered the United States at St. Petersburg, Fla., April 29, 1923; he was arrested on a warrant of arrest issued by the Secretary of Labor dated May 2, 1923, wherein it was stated: "For the following among other reasons: That he was a person likely to become a public charge at the time of his entry; and that he entered by water at a time or place other than as designated by immigration officials; and that the quota allotted under the Act of May 19, 1921, as amended by Public Resolution 55, approved May 11, 1922, to the country of which he is a national is exhausted for the year ending June 30, 1923."

The relator was released May 7, 1923, after he furnished a bond to the United States in the sum of $1,000, bearing the date of his release, which recited:

"Whereas, Nicola Mercurio, an alien, aged 36 years, a native of Italy, who arrived at the port of Saint Petersburg, Fla., per S. S. Eolis on the 29th day of April 19   , has, under the provisions of section 19 of the act of February 5th, 1917, been placed under arrest on warrant of the Secretary of Labor, issued on the 2nd day of May, 1923, on the charge that he is unlawfully within the United States:

"And Whereas, pending the final disposal of his case the said alien desires to avail himself of the privilege of being released from custody accorded by section 20 of the said Act of Congress, and has applied to the immigration official by whom said warrant has been served for his release upon giving a proper bond or undertaking that he will deliver himself into the custody of the said immigration official or other proper immigration official representing the United States Government for hearing or hearings and for deportation in case he is found to be unlawfully within the United States."

On May 24, 1923, the Secretary of Labor issued a warrant of deportation which recited.

"Whereas, from proofs submitted to me, after due hearing before Immigrant Inspector Wm. A. Whalen, held at Tampa, Fla., I have become satisfied that the alien Nicola Mercurio, who landed at St. Petersburg, Fla., on the 29th day of April, 1923, has been found in the United States in violation of the immigration act of February 5, 1917, as amended, to wit:

"That he was unable at the time of his entry into the United States to read the English language or some other language or dialect including Hebrew or Yiddish, although at that time over 16 years of age and physically capable of reading and not exempted from the illiteracy test by any of the provisions of section 3 of the said act; that he was a person likely to become a public charge at the time of his entry; that he entered by

water at a time or place other than as designated by immigration officials; and that the quota allotted under the Act of May 19, 1921, as amended by Public Resolution 55, approved May 11, 1922, to the country of which he is a national is exhausted for the year ending June 30, 1923, and may be deported in accordance therewith."

On May 29, 1923, Wm. A. Whalen, inspector in charge, in pursuance to the condition contained in the bond, notified the sureties thereon as follows:

"You are advised that the Department of Labor has ordered that the alien Nicola Mercurio, for whom you made bond conditioned for the delivery of an alien, at Tampa, Fla., on May 7, 1923, be deported to Cuba. You are, therefore, requested to notify the alien to deliver himself to the Inspector in Charge, U. S. Immigration Service, Room No. 204 Government Building, Tampa, Fla., for deportation. There are sailings every Thursday and Sunday at 2 P. M.

"Should this alien fail to present himself for deportation as directed on or before June 16, 1923, steps looking to the collection of the penalty named in the bond will be taken."

The relator failed to present himself for deportation at any time after the warrant of deportation issued. When released May 7, 1923, he went to an address given by him to the inspector in charge, at McKeesport, Pa.; he has remained there since with the exception of about two years when he resided near Canton, Ohio; he used, during the aforesaid period, the name which he had given to the immigration authorities and could have been found at any time by the making of a proper inquiry at the address given by him to the immigration officials.

On November 29, 1929, respondent caused relator to be arrested, and he thereupon sued out the writ issued in this case, and alleges in support thereof that he cannot be legally deported as more than five years have expired since he entered the United States.

Section 19 of the Act of February 5, 1917, chapter 29, 39 Stat. 887, U. S. Code, Title 8, § 155 (8 USCA § 155), provides: "At any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law; any alien who shall have entered or who shall be found in the United States in violation of this subchapter, or in violation of any other law of the United States; * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported. * * * In every case where any person is ordered deported from the United States under the provisions of this subchapter, or of any law or treaty, the decision of the Secretary of Labor shall be final."

Section 20 of the same act, being section 156 of the Code aforesaid (8 USCA § 156) provides: "If deportation proceedings are instituted at any time within five years after the entry of the alien, such deportation, including one-half of the entire cost of removal to the port of deportation, shall be at the expense of the contractor, procurer, or other person by whom the alien was unlawfully induced to enter the United States. * * * If deportation proceedings are instituted later than five years after the entry of the alien, or, if the deportation is made by reason of causes arising subsequent to entry, the cost thereof shall be payable from said appropriation."

The alien in this case was not actually deported within five years from the time that he entered into the United States, hence he cannot be deported now unless the operation of the statute aforesaid was arrested by the arrest of the alien, the decision of the Secretary of Labor, and the issuance of the warrant of deportation within the time limit provided for therein. In Dupont De Nemours & Co. v. Davis, Director General of Railroads, 264 U. S. 456, 462, 44 S. Ct. 364, 366, 68 L. Ed. 788, the Supreme Court, speaking by Mr. Justice Sutherland, said: "Statutes of limitation sought to be applied to bar rights of the government, must receive a strict construction in favor of the government. United States v. Whited & Wheless [246 U. S. 552, 38 S. Ct. 367, 62 L. Ed. 879], supra."

It would seem that the principle above should be applied as against a person who enters the United States and endeavors to remain therein in violation of its laws, and who in a sense is a fugitive from justice. If there had been no time limit fixed in the statute, the relator could have been deported at any time. In 2 Corpus Juris, 1075, it is stated: "An alien's right to remain in the territory of a foreign government is purely a political one and may be terminated at the will of such government, and this, too, without notice to such alien of an intention to do so."

If an alien seeks to avail himself of the limitation of time set forth in a statute, he must be able to show that he plainly comes within its terms.

Ordinarily the issuing of an original writ (in this case a warrant of arrest) arrests the running of a statute of limitations.

In 37 Corpus Juris, 1051, it is stated: "Where legal proceedings are commenced to enforce a right before the statute has run against it, no lapse of time after the commencement of such proceeding will operate as a bar to the enforcement of that right. The statute does not require that the action shall be prosecuted to a finality within the stated period, and that the fact that trial is not had, or judgment in the action is not entered until the period of limitation has expired, will not alter the rule. The pendency of the suit operates to suspend the statute as to all parties therein so far as the subject matter of the suit is concerned."

I know of no case where an entry of judgment (in this case the decision of the Secretary of Labor) has not been held to arrest the operation of such Statutes.

In the case of United States ex rel. David v. Tod, 289 F. 60, the Circuit Court of Appeals for the Second Circuit held, under the sections of the act aforesaid, that an alien may be deported if proceedings are instituted within five years after entry (though not completed), and that the issuance of a warrant of arrest arrests the running of the statute. The same court made similar rulings in the case of United States ex rel. Danikas v. Day, 20 F.(2d) 733, 736, and United States ex rel. Ginal v. Day, 22 F.(2d) 1022. In the last case a writ of certiorari was applied for to the United States Supreme Court and refused. 276 U. S. 627, 48 S. Ct. 321, 72 L. Ed. 739.

In the case of Hughes v. Tropello (C. C. A.) 296 F. 306, 311 (3d Circuit), it appeared that the alien's entry was made November 12, 1915, that a warrant of arrest was issued April 19, 1919, and that the order of deportation was made April 5, 1921; the court, speaking by District Judge Thomson, said: "Being of the opinion that the five-year limitation in the act of 1917 is absolute, and that the power of deportation was exhausted before the order of deportation was issued, the judgment is affirmed."

In the case of McCandless, Commissioner of Immigration, v. United States (C. C. A.) 33 F.(2d) 882, 883 (3d Circuit), the court said, in referring to the case of Hughes v. Tropello, supra: "It was held by this court, in the case of Hughes v. Tropello, 296 F. 306, that deportation proceedings mean the warrant of deportation and not merely the warrant of arrest, and, if such warrant of deportation is not issued within the statutory period, the power of deportation is exhausted."

This court in an opinion by the writer, in United States ex rel. Salvatore Gallo v. W. H. Marshall, Immigration Inspector, No. 44 Habeas Corpus, made before the decision in McCandless v. United States, supra, and under a misapprehension of some dicta contained in the case of Hughes v. Tropello, made a ruling contrary to the decision made herein.

The decision of the Secretary of Labor and the warrant of deportation were made within the time limit of the act of 1917, supra. They arrested the running of the statute. The relator therefor can now be legally deported, and the arrest and retention of him by the respondent is legal.

Let an order be prepared accordingly.