RAFTERY ex rel. GIACOMAZZI v. TILLINGHAST, Commissioner of Immigration.

No. 4159.

District Court, D. Massachusetts.

Feb. 21, 1930.

Joseph V. Carroll, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

This is a petition for a writ of habeas corpus to release from the custody of the Commissioner of Immigration Guiseppe Giacomazzi who is detained upon a deportation warrant issued by authority of the Secretary of Labor.

Briefly, the essential facts are that Giacomazzi arrived in this country with his wife on April 16, 1924, and, the quota being full, they were admitted temporarily for a period of four months under the provisions of the Quota Act of 1921 (Act of May 19, 1921, § 2(a)(4), 42 Stat. 5).

On May 14, 1925, a warrant was issued for the arrest of the aliens as proper subjects for deportation upon the ground, among others, that they had entered by means of false and misleading statements, thereby entering without inspection.

Owing to the inability of the department to locate these aliens, they were not taken into custody upon the warrant until July 20, 1928. During the course of the proceedings, and subsequent to the arrest, the case was reopened and the aliens given notice of the following charge: "That they are in the United States in violation of the Act of May 19, 1921, as amended by Public Resolution 55, approved May 11, 1922, in that the quota allowed to the country of which they are natives, for the fiscal year ending June 30, 1924, was exhausted at the time of their entry."

After a hearing upon this charge and a review by the Board of Review in Washington, a warrant for deportation was issued, dated February 27, 1929, by virtue of which the aliens were taken into custody and were detained by the respondent when these proceedings were begun.

It is the contention of the petitioner that the three-year limitation of section 19 of the Immigration Act of 1917 (USCA tit. 8, § 155) applies and that, therefore, at the time the aliens were taken into custody on the warrant of deportation, they were not subject to deportation.

In support of this contention, the petitioner cites Kanaszczyc v. Mathews (C. C. A.) 30 F.(2d) 573, and McCandless, Com'r v. United States ex rel. Swystun (C. C. A.) 33 F.(2d) 882. These cases apparently are authority for the proposition that an alien, who comes into the United States without complying with the requirements of the immigration laws respecting time and place of entry and inspection, may come within the class of aliens who must be deported within three years, and this notwithstanding the fact that his entry was in violation of the Quota Act of 1921.

There are other cases in which the courts have taken a different view. These hold that an alien who comes in after the quota is exhausted must be classified as an alien who, at the time of entry, was a member of a class excluded by law, and that, therefore, the five-year limitation applies. United States ex rel. Costea v. Smith (D. C.) 36 F.(2d) 503; Hurst v. Nagle (C. C. A.) 30 F.(2d) 346; United States ex rel. Candreva v. Smith (C. C. A.) 27 F.(2d) 642; Kowalski v. United States Bureau of Immigration (D. C.) 26 F.(2d) 266.

These cases proceed upon a more strict interpretation of the language of section 19, which provides that deportation proceedings must be had within three years in the case of an alien "who shall have entered the United States by water at any time or place other than as designated by immigration officials, or by land at any place other than one designated as a port of entry for aliens by the Commissioner General of Immigration, or at any time not designated by immigration officials, or who enters without inspection. * * * *"

According to the cases last above cited, these provisions of section 19 apply to aliens who are otherwise admissible but who entered by means declared to be unlawful, and it is pointed out that section 2(d) of the Quota Act of 1921 operates to exclude applicants for admission after the quota has been exhausted. The result is that aliens who come in in violation of the Quota Law belong to an excluded class and may be deported under the first part of section 19 at any time within five years after entry.

It is possible that these two apparently conflicting lines of decisions may be reconciled, for it will be noted that in McCandless v. United States ex rel. Swystun, supra, one of the grounds for deportation upon which the warrant was issued was that the alien had entered without inspection. Thus the government, by its own act, had put the alien into the class entitled to invoke the three-year

limitation. Plainly, the warrant could not stand upon any such ground. In the case of Kanaszczyc v. Mathews, supra, not only was there an entry without inspection, but there was an entry at a place, and at a time, not designated by the immigration officials. The particular facts of that case would seem to warrant the court in classifying the alien as one entitled to the benefits of the three-year provision.

 The case at bar is different from either of these cases in important particulars. There is here no entry at a time or a place not designated by the immigration officials. Neither can it be said that their entry was unlawful. Under the provisions of section 2(a)(4) of the Quota Act of 1921, they were admitted as aliens visiting the United States as tourists, or temporarily for business or pleasure. It may well be that under these circumstances the aliens cannot be deported as aliens who, at the time of entry, were members of an excluded class. The quota being full, in order to obtain admission at all, they had to come in under a class not counted in reckoning the percentage limits provided in the Quota Act. Aliens visiting temporarily the United States came within a class that was not so counted. But even if their temporary admission was lawful, their continued sojourn here, after the expiration of the four months, so altered their status as nonimmigrants, and so plainly violated the conditions imposed upon their entry by the immigration officials, that there can be no doubt that they fall within the description of aliens who are found in the United States in violation of the laws of the United States, Wong Hop v. United States (C. C. A.) 35 F.(2d) 596; United States ex rel. Bardakos v. Mudd (D. C.) 33 F.(2d) 334; Ex parte Bildt (C. C. A.) 32 F.(2d) 894; Kowalski v. United States Bureau of Immigration, supra; and as such they may be deported within five years after entry, Kaplan v. Tod, Com'r, 267 U. S. 228, 45 S. Ct. 257, 69 L. Ed. 585; Kowalski v. United States Bureau of Immigration, supra.

It is my opinion, therefore, that the facts of the case at bar would not warrant the immigration authorities or the court in placing the aliens in the category of those to whose deportation the three-year limit would apply. The case is distinguishable on the facts from Fredo v. Tillinghast, Com'r, Memorandum filed October 10, 1928.

 I do not overlook the fact that, in the warrant for arrest, one of the grounds assigned in the warrant was that the aliens had entered without inspection. But it is the validity of the detention under the final order for deportation that has to be determined in the habeas corpus proceedings. United States ex rel. Bilokumsky v. Tod, Com'r, 263 U. S. 149, 44 S. Ct. 54, 68 L. Ed. 221; Nishimura Ekiu v. United States, 142 U. S. 651, 12 S. Ct. 336, 35 L. Ed. 1146; Stallings v. Splain, 253 U. S. 339, 343, 40 S. Ct. 537, 64 L. Ed. 940; United States ex rel. Mensevich v. Tod, 264 U. S. 134, 44 S. Ct. 282, 68 L. Ed. 591; United States ex rel. Bauder v. Uhl (C. C. A.) 211 F. 628; Siniscalchi v. Thomas (C. C. A.) 195 F. 701; Ex parte Hamaguchi (C. C.) 161 F. 185.

 The propriety of a deportation order is determined solely by the findings on which it is based. United States ex rel. Iorio v. Day, Com'r (C. C. A.) 34 F.(2d) 920.

These final proceedings were based upon the charge that the aliens were in the United States in violation of the Quota Laws, and this charge was sustained after a fair hearing and reviewed by the proper authorities in the Department of Labor at Washington. It was upon this ground only that the warrant for deportation issued, by virtue of which Giacomazzi was taken into custody and was detained by this respondent when these proceedings were begun, and, since he was taken into custody within five years from his entry, the detention is lawful, and the writ should be discharged and the alien remanded to the custody of the respondent.