LAMOREAUX v. KINNEY et al.

No. 5792.

Circuit Court of Appeals, Ninth Circuit.
May 19, 1930.

Homer· Johnstone and W. W. Kaye, both of Los Angeles, Cal., for appellant.

Thos. Armstrong, Jr., R. Wm. Kramer, G. W. Shute, and Robert H. Armstrong, all of Phœnix, Ariz., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

This suit is the outgrowth of a range war between contending sheep and cattlemen. Briefly stated, it appears from the allegation of the bill of complaint that between the years 1880 and 1895 a certain range on the public domain in the territory and state of Arizona was used exclusively by sheepmen; that there was a shortage of water on the range and, soon after 1880, the sheepmen using it constructed dams and reservoirs for the purpose of conserving and. impounding the water for the use of their stock; that soon after this was done, beginning about 1895, cattlemen began to use the range for the purpose of pasturing their cattle; that from that time until 1924 the range was what is termed a mixed range, as defined by section 641 of the Revised Statutes of Arizona (Pen. Code

1913) as amended by the act of March 7, 1923 (Laws of 1923, p. 99, c. 29); that for the purpose of excluding the plaintiff from his lawful occupancy and use of the disputed area for grazing purposes, the defendants, and each of them, have unlawfully, and with unlawful intent and purpose, combined, conspired and confederated to and with each other, unlawfully and maliciously to molest, intimidate and obstruct the plaintiff, his agents and employees, in the use of the disputed area, or any part thereof, as a sheep range; that since the year 1924 the defendants have wrongfully asserted and do now wrongfully assert that all portions of said disputed range have constituted and do now constitute a cattle range and that the same had previously been occupied by cattlemen and that defendants, by priority of right, are entitled to the exclusive use thereof for grazing cattle, within the intent and meaning of the above-mentioned provision of the Penal Code of the state; that the defendants have on repeated occasions within the three months last past threatened to do physical violence to the agents and employees of the plaintiff and to kill and wipe out his herds of sheep, and to do and commit many other unlawful and unwarranted acts against the plaintiff, his agents and employees. In a second cause of action, the bill avers that a controversy has arisen between the plaintiff and defendants with respect to the rights, status and legal relation existing between them whereby it becomes necessary to procure a judgment or decree declaring such rights, status and legal relation and to remove uncertainty with respect thereto, within the provisions of the Uniform Declaratory Judgments Act of the state of Arizona (Laws 1927, c. 10). The relief sought was a decree adjudging that the lands embraced within the disputed territory constitute a sheep range or a mixed range, as defined by the statutes of the state, and that the defendants, their agents and servants and those acting under them, be enjoined from interfering with or preventing the plaintiff from using and enjoying the disputed range and from asserting any adverse right thereto. The bill of complaint was dismissed on motion, and the plaintiff has appealed.

There is an implied license that the public lands of the United States, especially those in which the native grasses are adapted to the growth and fattening of domestic animals, shall be free to the people who seek to use them, when they are left open and unenclosed and no act of the government forbids their use; Buford v. Houtz, 133 U. S. 320, 10 S. Ct. 305, 33 L. Ed. 618; and any unlawful interference with that right is an offense against the United States. McKelvey v. United States, 260 U. S. 353, 43 S. Ct. 132, 67 L. Ed. 301. But the right thus conferred is subject to regulation by the state or territory in which the public land lies.

The Arizona statute, already cited, provides:

"Any person owning or having charge of sheep or goats who herds, grazes or pastures the same or permits or suffers the same to be herded, grazed or pastured on any cattle range previously occupied by cattle or upon any range usually occupied by a cattle grower either as a spring, summer or winter range for his cattle, is guilty of misdemeanor; but the priority of right between cattle and sheep owners to any range is determined by priority in the usual and customary use of such range either as a cattle or sheep range.

"Providing that nothing herein contained shall be construed as prohibiting the herding or grazing of sheep over or upon any mixed range."

The validity of a similar statute of the state of Idaho was upheld by the Supreme Court in Omaechevarria v. Idaho, 246 U. S. 343, 38 S. Ct. 323, 62 L. Ed. 763.

Little complaint seems to be made of the ruling on the first cause of action. What the appellant really seeks is a declaratory judgment under the laws of the state, establishing his rights in the public range as against the appellees and presumably as against the state of Arizona. But such relief a federal court is without power to grant. Liberty Warehouse Co. v. Grannis, 273 U. S. 70, 47 S. Ct. 282, 71 L. Ed. 541; Willing v. Chicago Auditorium Ass'n, 277 U. S. 274, 48 S. Ct. 507, 72 L. Ed. 880. The appellant has no title to quiet, and any injunction the court might issue would necessarily be vague and general in its terms, restraining the commission of acts already prohibited by the laws of the United States or of the state. For these reasons, we are of opinion that the appellant has an adequate remedy by invoking the protection of the criminal laws or by an action at law for damages, and that the case made does not justify the interposition of a federal court of equity.

The decree is therefore affirmed.