**UNITED STATES ex rel. DONATI v. Mc-
CANDLESS, Immigration Com'r.**

District Court, D. New Jersey.

Oct. 1, 1930.

Adrian Bonnelly, of Philadelphia, Pa., for relator.

Phillip Forman, U. S. Atty., of Trenton, N. J., for respondent.

AVIS, District Judge.

Relator, a native of Italy, entered the United States from Canada, having landed at Montreal from the steamer Monte Grappe on which he had shipped as a deck hand at Antwerp, Belgium.

According to his testimony he left Italy on August 19, 1919, and, after spending some time in France and Belgium, he shipped from Antwerp for Montreal, arriving at his destination somewhere about Christmas time of the year 1922. He remained in Montreal for about 45 days, and was then smuggled across the border into the United States some time in February of the year 1923—as he claims. He has remained continuously in the United States since that time, in or near the city of Chester, Pa.

Early in the year 1928 relator married a girl about 16 years of age, and it is alleged that he at that time, or shortly thereafter was infected with a venereal disease which he communicated to his wife. Because of this condition, his mother-in-law made a complaint against him, and a warrant was issued for his arrest for deportation on February 24, 1928. Testimony was taken before an inspector, and, after review, a warrant of deportation was issued on September 13, 1928.

The charges contained in the warrant of deportation are:

(1) That relator was not, at the time of his entry, in possession of an unexpired immigration visa.

(2) That he entered the United States without inspection.

The question of fact involved is as to the date of entry. Relator claims that he entered the United States from Canada some time in February, 1923, and his testimony taken before the inspector is to that effect. Respondent claims that the relator entered on or about February 1, 1925, and bases this claim on the sworn statement of relator made on or about February 23, 1928, before an inspector in the Delaware County Jail at Media, Pa. In that statement the following appears:

"Q. When did you enter in the automobile? A. About this time 3 years ago."

In this preliminary statement relator said that he was born on September 27, 1900, and in his formal testimony he stated that he was born on September 27, 1898. He failed also to account for any employment in which he was engaged while in the United States between February, 1923, and February, 1925. I am convinced that the commissioner had

sufficient evidence to decide that relator entered the United States on or about February 1, 1925.

The burden of proving the time and place of entry was on the relator, and I believe the commissioner had the right to use the sworn statement made in the jail upon which to base his conclusion of fact as to the date of entry.

My conclusion on this point is that the hearing was not unfair, and that the commissioner, under the evidence, was justified in fixing February 1, 1925, as the date of relator's entry into the United States.

The application of the law to this state of facts is not without difficulty, because of the fact that in similar cases some courts have applied the five-year limitation and some the three-year limitation.

The relator was smuggled into the United States from Canada without an immigration visa, and without inspection. He had no right, therefore, to enter the United States.

The Act of May 26, 1924, c. 190, § 13(a), provides in part as follows:

"No immigrant shall be admitted to the United States unless he (1) has an unexpired immigration visa. * * *"

See 8 USCA § 213(a). Other statutes make it necessary that all immigrants shall be inspected.

Section 14 of the Act of May 26, 1924 (8 USCA § 214), authorizes deportation, under the provisions of section 19 of the Act Feb. 5, 1917 (8 USCA § 155), of any alien found to have been at the time of entry not entitled under the law to enter the United States.

The pertinent provisions of the act of 1917 (section 19) are:

(1) "At any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law. * * *"

(2) "At any time within three years after entry, any alien who shall have entered the United States by water at any time or place other than as designated by immigration officials, or by land at any place other than one designated as a port of entry for aliens by the Commissioner General of Immigration, * * * or who enters without inspection, shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

The question involved is as to which limitation applies to the relator in this case.

The relator is not charged with having entered the United States in excess of the quota from his native country for the year in question, nor is there any evidence to indicate that this is so; and, therefore, while he may have been at the time of entry excluded as an individual, he did not, under the charges made or the evidence produced, belong to an excluded class, so as to come within the five-year limitation.

In the case of McCandless v. United States ex rel. Swystun (C. C. A. 3) 33 F.(2d) 882, it is held:

"In the Kanaszczyc Case [(C. C. A.) 30 F.(2d) 573] it was held that, while the general language at the beginning of the section, if standing alone, might well be held applicable to any alien who had entered or was found in the country in violation of any of its laws, yet Congress clearly intended by the subsequent provision to provide a shorter limitation in certain cases, and that under familiar rules of construction this subsequent provision is exclusively applicable to cases which come within its terms, namely, (1) entry by water at a time or place other than designated by immigration officials; (2) by land at a place other than designated as a port of entry; (3) at any time not designated by immigration officials; and (4) without inspection." Page 883 of 33 F.(2d).

In that case the Circuit Court of Appeals of this circuit applied the three-year limitation, and cites, with approval, the decision in the case of Kanaszczyc v. Mathews (C. C. A. 3) 30 F.(2d) 573. Under somewhat similar facts, other courts have applied the five-year limitation. See United States ex rel. Costea v. Smith (N. D. Ill. E. D.) 36 F.(2d) 503, and Raftery ex rel. Giacomazzi v. Tillinghast (D. C. Mass.) 38 F.(2d) 499.

In the latter case, Brewster, District Judge, in discussing the various decisions, said:

"It is possible that these two apparently conflicting lines of decisions may be reconciled, for it will be noted that in McCandless v. United States ex rel. Swystun, supra, one of the grounds for deportation upon which the warrant was issued was that the alien had entered without inspection. Thus the government, by its own act, had put the alien into the class entitled to invoke the three-year limitation. Plainly, the warrant could not stand upon any such ground. In the case of Kanaszczyc v. Mathews, supra, not only was there an entry without inspection, but there was an entry at a place, and at a time,

not designated by the immigration officials. The particular facts of that case would seem to warrant the court in classifying the alien as one entitled to the benefits of the three-year provision." Page 500 of 38 F.(2d).

■ The facts in the instant case seem to be in accord with the facts in the cases decided in favor of the three-year limitation, and the charges against relator, including only the failure to have an unexpired immigration visa, and to have entered without inspection, makes applicable that portion of section 19 of the 1917 act which provides for the three-year limitation.

■ Conceding, therefore, that relator entered on February 1, 1925, the warrant of deportation, dated September 13, 1928, was not issued within the three-year period. The Circuit Court of Appeals in this circuit has decided that the warrant of deportation, and not merely the warrant of arrest, must be issued within the statutory period. McCandless v. United States ex rel. Swystun, supra. See, also, Hughes v. Tropello (C. C. A. 3) 296 F. 306.

The prayer of the petition for habeas corpus is sustained, and the relator, Julius Donati, will be discharged from custody.