**METAXIS v. WEEDIN, Immigration Com'r.**

No. 5947.

Circuit Court of Appeals, Ninth Circuit.

Oct. 20, 1930.

C. D. Liliopoulos, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Hamlet P. Dodd, Asst. U. S. Atty., both of Seattle, Wash. (John F. Dunton, U. S. Immigration Service, of Seattle, Wash., on the brief), for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and WEBSTER, District Judge.

WILBUR, Circuit Judge.

Appellant, in custody of the immigration authorities awaiting deportation under an order of the Secretary of Labor, applied to the District Court for writ of habeas corpus. His application having been denied, he appeals from that order to this court.

Appellant entered the United States on February 23, 1924, at Boston, Mass., as a temporary visitor for a period not to exceed six months. At the time of his application for admission, his brother, who was domiciled in Seattle, Wash., filed an affidavit in furtherance of his admission containing the following statement:

"Your affiant absolutely guarantees that the immigrant will not be permitted to become a public charge; that said immigrant is coming for the sole purpose of visiting and that his visit will not exceed six months. Affiant also absolutely guarantees to support him while visiting in this country and offers to put up a bond in such sum as might be required for the guaranty that the said immigrant's visit in this country will not exceed six months and that your affiant will support him while visiting."

Immediately after his admission he went to Seattle, Wash., and joined his brother and there formed a partnership with him in the grocery business, which was later discontinued. Thereafter he entered into an agreement for the purchase of the controlling interest in the Quality Food Market at 801 Pike street, Seattle. He now devotes his entire time to the interests of said corporation, which deals in groceries and imported products.

In August, 1924, upon his application, the term of his stay was extended six months upon condition that he furnish bond in the sum of $500 guaranteeing that he would depart from the United States before the expiration of said extension period. The bond was not furnished, and on February 24, 1925, he was arrested under a warrant issued by the Assistant Secretary of Labor as a subject for deportation. After hearing before an immigration inspector, a warrant of deportation was issued January 21, 1927, whereupon the present proceedings were instituted.

The Quota Act of 1921 (42 Stat. 5), as amended in 1922 (42 Stat. 540), limited the number of aliens of any nationality permitted to enter the United States to a definite

quota. Aliens temporarily visiting the United States are not included in the quota. The quota was exhausted for the year in which the appellant entered and the period of his extended visit has expired and the consent of the government to his presence has been withdrawn. He is therefore illegally within the country and the order for his deportation was proper.

The appellant claimed the right to remain under our law because of a Treaty of Commerce and Navigation between Greece and the United States of 1837, 8 Stat. 498 ("Treaties and Conventions * * * between the United States," etc., by Malloy, vol. 1, pp. 848, 855), and our original decision herein was based upon the rights of a citizen of Greece under that treaty and the laws enacted in pursuance thereof, but upon petition for a rehearing it was disclosed that this treaty was abrogated January 26, 1921, pursuant to article 17 thereof (8 Stat. 506), through the exchange of notes between the two governments, and that no proclamation or other notice of such abrogation is recorded in the books. It thus appears that the treaty foundation for appellant's alleged rights do not exist, and no other basis for his right to remain is advanced.

It is claimed, however, that the period during which the Secretary of Labor could order his deportation has expired (section 19 of the Immigration Act of 1917 (39 Stat. 889 [8 USCA § 155]), but this claim is based upon the delay in the order of deportation. Proceedings for deportation were instituted almost immediately upon the refusal of the appellant to execute the required bond. The statute required the institution of proceedings for deportation and not the order of deportation to be within the period of limitation. United States v. Tod (C. C. A.) 297 F. 385; sections 19, 20, 39 Stat. 889, 890 (8 USCA §§ 155, 156).

Order affirmed.

WEBSTER, District Judge, concurs.