**MARTY et ux. v. NAGLE, Commissioner of Immigration.**

No. 6140.

Circuit Court of Appeals, Ninth Circuit.

Nov. 10, 1930.

John L. McNab, of San Francisco, Cal., for appellants.

Geo. J. Hatfield, U. S. Atty., and Hubert Wyckoff, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and JAMES, District Judge.

RUDKIN, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus. July 3, 1922, the appellants, husband and wife, were admitted to the United States for a period of three months under the provisions of section 2(a)(4) of the Act of May 19, 1921, 42 Stat. 5. They remained in the United States continuously thereafter until June 4, 1927, at which time the Secretary of Labor issued a warrant for their arrest, the warrant reciting that they had entered the United States without being admitted and charged to the quota allowed to the country of which they were natives, for the fiscal year ended June 30, 1923. A hearing was thereafter given the appellants, and under date of October 14, 1927, a warrant for their deportation issued, containing the same recitals as the warrant of arrest, and directing that the appellants be returned to Australia, the country whence they came. The warrant contained this further provision:

"The aliens may be permitted to depart voluntarily, at their own expense, such departure to be verified and to be considered a satisfactory compliance with the terms of this warrant. The aliens may also be permitted to reapply for admission when in possession of an appropriate immigration visa. Execution of this warrant should be deferred for a reasonable length of time in the discretion of the Commissioner of Immigration, San Francisco, California, to enable the aliens to dispose of their business."

Later the appellants made a request that they be given until March 15, 1928, to depart voluntarily, and on January 16, 1928, this request was granted. March 8, 1928, a further extension was given until July 1, 1928. June 12, 1928, a request for cancellation of the warrant of deportation was denied, and the appellants were granted a further extension to October 1, 1928. October 3, 1928, a still further extension was granted until November 1, 1928. The appellants failed to depart from the country voluntarily, and on September 26, 1929, the Secretary of Labor issued a second warrant of deportation, containing the same recitals as the former, and directing the return of the appellants to Australia, the country whence they came. The second warrant further provided ·

"The aliens may be permitted to depart voluntarily, without expense to the United States, to any country of their choice, such departure to be verified and to be considered a satisfactory compliance with the terms of this warrant, but aliens should be advised that acceptance of this privilege does not entitle them to re-enter the United States. This warrant supersedes the one dated October 14, 1927."

In the brief filed by the appellants, reference is made to the fact that each of them resided in the United States for a number of years prior to the date of their last entry, and to the further fact that they are natives of France, and might lawfully have entered at the date of their last entry under the French quota for the fiscal year ending June 30, 1923, inasmuch as that quota was never exhausted. But, regardless of these facts, the controlling fact remains that the appellants at the time of their last entry were not lawfully admitted to the United States as permanent residents, and are now here in contravention of law. They are therefore subject to deportation. Metaxis v. Weedin, 44 F.(2d) 539, decided by this court October 20, 1930.

We will now proceed to a consideration of the more serious questions presented by the record. It is first contended that the warrant of deportation is void because not issued until more than five years after the date of entry. But proceedings for deportation were instituted or commenced within the five-year period, and we have twice ruled that the institution or commencement of proceedings for deportation tolls the statute of limitations. Bun Chew v. Connell (C. C. A.) 233 F. 220; Metaxis v. Weedin, supra. We think that these decisions are supported by the weight of authority. United States v. Tod (C. C. A.) 289 F. 62; Nocchi v. Johnson (C. C. A.) 6 F.(2d) 1. While there is some conflict, we are not disposed to grant the request to certify the question to the Supreme Court, inasmuch as that court has ample power to review our decision on certiorari, and will do so if we have deprived the appellants of substantial rights accorded to them by Federal statutes.

The appellants base some claim on treaty rights, but the claim was not pressed on the argument and seems to be without substance.

It is also contended that the second warrant of deportation is void because the deportation provisions of the general immigration law are not retroactive. The right to issue a new or amended warrant to meet changed conditions does not seem to be questioned. Seif v. Nagle (C. C. A.) 14 F.(2d) 416. That is what occurred here. The Secretary of Labor was apparently of opinion that the right accorded to the appellants by the first deportation warrant, to reapply for admission when in possession of an appropriate immigration visa, was abrogated by the Act of June 24, 1929 (46 Stat. 41 [8 USCA. § 180]), which declares, in effect, that, if any alien has been arrested and deported in pursuance of law, he shall be excluded from admission to the United States whether such deportation took place before or after the enactment, with a proviso that the act shall not apply to any alien arrested and deported before March 4, 1929, in pursuance of law, in whose case prior to his re-embarkation at a place outside the United States, or his application in foreign contiguous territory for admission to the United States, and prior to March 4, 1929, the Secretary of Labor has granted such alien permission to reapply for admission. If the opinion of the Secretary of Labor, as indicated in the second deportation warrant, is in anywise binding upon the appellants, or affects their substantial rights, it is our duty to review it, but, if not binding or prejudicial, we have no such right, because any judgment we might render in a case where no personal rights are involved and no proceeding pending would be declaratory, at best, and without the jurisdiction of a federal court. Liberty Warehouse Co. v. Grannis, 273 U. S. 70, 47 S. Ct. 282, 71 L. Ed. 541; Willing v. Chicago Auditorium Ass'n, 277 U. S. 274, 48 S. Ct. 507, 72 L. Ed. 880; Lamoreaux v. Kinney (C. C. A.) 41 F.(2d) 30. We think the latter view is the correct one. While the Secretary of Labor may admit or deport aliens, his mere advice to an alien, when no application for admission is pending, is gratuitous, and binds neither the alien nor the government. This would seem quite elementary, and for that reason the right of the appellants to reapply for admission to the United States, or to be admitted, must be determined by the law in force at the time application for admission is made; and in the determination of that question the appellants will not be bound or prejudiced by the recital, or advice, contained in the second warrant of deportation. It would, no doubt, be to the interest of the appellants to have their right to re-enter the United States determined at this time, but the right to make such advance determination is vested in neither the Secretary of Labor nor in the courts.

It is further suggested that the right of deportation is barred by laches; but the principal part of the delay in executing the de-

portation warrant was occasioned by the appellants themselves, and the slight delay occurring between the expiration of the time allowed for departure from the country voluntarily and the issuance of the second warrant should not prejudice or defeat the rights of the government. Seif v. Nagle, supra.

Without expressing any opinion, therefore, on the abstract right of the appellants to again apply for admission, or to be admitted, the judgment of the court below must be affirmed; and it is so ordered.