## MILLER, District Director, v. UNITED STATES ex rel HUNT.

### No. 12999.

United States Court of Appeals
Fifth Circuit.

April 7, 1950.

Ernest L. Duhaime, Asst. U. S. Atty., of Miami, Fla., Herbert S. Phillips, U. S. Atty., of Tampa, Fla., for appellant.

Edward J. Nelson, Douglas D. Batchelor, both of Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

WALLER, Circuit Judge.

The District Director of Immigration and Naturalization Service at Miami appeals from an order in habeas corpus proceedings in the Court below, under the provisions of which he was ordered to release from custody Albert Cecil Hunt, theretofore held by Appellant under a warrant of deportation.

The question presented here is quite narrow, viz., whether a timely-issued warrant of arrest, as distinguished from a warrant of deportation, serves to toll the running of the statute of limitations as prescribed in Section 19(a) of the Immigration Act of February 5, 1917, as amended, 8 U.S.C.A. § 155(a), that: "At any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law, * * * shall, upon the warrant of the Attorney General, be taken into custody and deported. * * *"

The Appellee, a youthful Canadian alien, entered the United States on September 1, 1942, in company with his parents and

other members of the family. On November 6, 1946, he was taken into custody under a warrant of arrest issued October 24, 1946, by the Immigration and Naturalization Service of the Department of Justice. The basis for the warrant was the charge that the Appellee was in the United States in violation of the immigration laws in that he was feeble-minded at the time of his entry and was a person likely to become a public charge. After hearing a warrant of deportation was issued on January 19, 1949. Appellee sued out a writ of habeas corpus contending that the issuance of the warrant of deportation was at a time more than five years removed from the date of Appellee's entry and was contrary to the above-quoted language of Section 19(a).

The lower Court sustained the Appellee's construction of the statute and in consequence ordered Appellee released.

■ There is a diversity of opinion prevailing in the various Courts of Appeals as to whether the section of the statute under consideration requires the completion of the deportation proceedings within the five years specified in the said section or whether the issuance of a warrant of arrest within the five-year period serves to toll the running of the statute. We are of the opinion that a timely issuance of the warrant of arrest suffices.

This position is warranted by the express phraseology of the statute and is rendered persuasive by consideration of the universal rule prevailing in the various State and Federal Courts, that the filing of charges, whether by information or by indictment, tolls the running of the statute of limitations against a criminal prosecution and is effective even though the warrant

be not served upon the accused until after the running of the statute.

This portion of the Act has been construed and the Appellant's position sustained in each of the following cases: U. S. ex rel. David v. Tod, 2 Cir., 289 F. 60; U. S. ex rel. Patton v. Tod, 2 Cir., 297 F. 385; United States ex rel. Danikas v. Day, 2 Cir., 20 F.2d 733; U. S. ex rel. Ginal v. Day, 2 Cir., 22 F.2d 1022; Metaxis v. Weedin, 9 Cir., 44 F.2d 539; Marty v. Nagle, 9 Cir., 44 F.2d 695; Tillinghast v. Cresswell ex rel. Di Pierro, 1 Cir., 54 F.2d 459; Raftery ex rel. Giacomazzi, v. Tillinghast, 1 Cir., 63 F.2d 97. Cf. Hughes v. Tropello, 3 Cir., 296 F. 306, and McCandless v. United States ex rel. Swystun, 3 Cir., 33 F.2d 882, to the contrary.

■ The proceedings in this case having antedated the decision enunciated in Sung v. McGrath, 70 S.Ct. 445, holding that the Federal Administrative Procedure Act, Title 5 U.S.C.A. § 1001 et seq., is applicable to such proceedings, and it appearing, from information furnished by appellant's counsel, that such Act was not followed by the immigration authorities in the determination of the proceedings against the Appellee, it is directed, upon suggestion of said counsel, that the lower Court's order be reversed, the writ of habeas corpus be vacated, and that Appellee be remanded to the custody of the Director of Immigration and Naturalization Service at Miami, Florida, for the resumption of deportation proceedings against the said Appellee in accordance with the requirements of the Federal Administrative Procedure Act. See Sung v. McGrath, supra, and amendment of order therein.[1]

Reversed.

1. On March 13, 1950, 70 S.Ct. 564, the Court entered the following amendatory order: "The motion of the Solicitor General to modify the judgment is granted and the judgment is modified so as to provide for the release of the prisoner from custody under the order of deportation but without terminating petitioner's custody under the warrant of arrest issued by the Attorney General dated October 13, 1947.

Mr. Justice Clark took no part in the consideration or decision of this application."