LIBERTY WAREHOUSE COMPANY et al. *v.* GRANNIS, COMMONWEALTH ATTORNEY.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY.

No. 60. Argued December 7, 1926.—Decided January 3, 1927.

1. Under Art. III of the Constitution the jurisdiction of the federal courts is limited to cases and controversies presented in such form, with adverse litigants, that the judicial power is capable of acting upon them and of pronouncing and carrying into effect a judgment between the parties, and does not extend to the determination of abstract questions or issues framed for the purpose of invoking the advice of the court without real parties or a real case. P. 73.

2. So *held* of a proceeding in the District Court brought under the Declaratory Judgment Law of Kentucky, against a prosecuting attorney, for the purpose of obtaining a declaration concerning the construction and validity of an act of the State regulating sales of leaf tobacco at public auction, in which there was no allegation that the plaintiffs had done or were contemplating any of the things forbidden by and punishable under the Act, or that the defendant threatened proceedings against them; or any prayer for relief against him.

3. The federal Conformity Act relates only to " practice, pleadings, and forms and modes of procedure "; and neither purports to nor can extend the jurisdiction of the district courts beyond the constitutional limitations. P. 76.

4. Section 274a of the Judicial Code relates merely to a case in which the objection is to the side of the court on which the suit is brought, and not to the entire lack of-jurisdiction in the.court.   P. 76.

Affirmed.

ERROR to a judgment of the District Court dismissing for want of jurisdiction an action brought under the Declaratory Judgment Law of Kentucky.

*Mr. Allan D. Cole,* with whom *Mr. J. M. Collins* was on the brief, for the plaintiff in error.

*Messrs. Aaron Sapiro* and *Robert S. Marx* were on the brief, for the defendant in error.

Mr. JUSTICE SANFORD delivered the opinion of the Court.

This proceeding was commenced by a petition filed by the plaintiffs in error on the law side of the Federal District Court for Eastern Kentucky, seeking to obtain a judgment declaring their rights under an Act of the Kentucky Legislature.

The Declaratory Judgment Law of Kentucky, Acts of 1922, ch. 83, provides that in any action in a court of record of that Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may, by means of a petition on the law or equity side of the court, as the nature of the case may require, ask for and obtain " a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked; " and that further relief, based on such declaratory judgment, may be granted by the court whenever necessary or proper, either in the same proceeding or in an independent action, upon notice to any adverse party whose rights have been adjudicated by the declaratory judgment.

The petition alleged that the plaintiffs, a Kentucky corporation and a citizen of North Carolina, were engaged in operating a looseleaf tobacco warehouse in Kentucky, in which they sold leaf tobacco at public auction for their customers and patrons; that their rights were materially and seriously affected by chapter 10 of the Kentucky Acts of 1924, regulating the sales of leaf tobacco at public auction; that this Act was invalid and repugnant to the Bill of Rights and Constitution of Kentucky, the commerce clause of the Constitution of the United States, the due process and equal protection clauses of the Fourteenth Amendment, and the Sherman Anti-Trust Law; that an actual controversy existed with respect thereto, in that the plaintiffs had been threatened with various civil and criminal punishments and penalties for the violation of the Act, which were about to be enforced thereunder; that in conducting their business, it was necessary for them to know whether the Act was valid or invalid, and whether they were liable for the crimes therein denounced, and subject to the fines and penalties it prescribed, and they could not continue their business without a financial loss, amounting to confiscation of their rights, business and property, unless the court made a declaration of their rights and duties under the Act; that they made this application to the court in accordance with the Federal Conformity Statute and the Declaratory Judgment Law of Kentucky " for the purpose of securing a declaration of their rights and duties." under the Act of 1924, and having the " court determine whether in the conduct of their business it will be necessary for them to comply " with the provisions of the Act, or whether it is " invalid in whole or in part, and if so, in what part ".; and that the Commonwealth Attorney was made a party defendant as the representative of the Commonwealth charged with the duty of enforcing the Act, and who, as such, " prepared the indictments referred to herein." No

ɔther reference, however, was made to any such indictments in the petition.

The plaintiffs prayed the court " by its judgment to declare what their rights and duties under said Act of 1924 are, and that a judgment be rendered declaring said Act of 1924 invalid, and for all proper relief."

The defendant demurred to the petition, on the ground, among others, that the court had no jurisdiction of the cause of action set forth, having no power or authority as a Federal Court to entertain a proceeding for a declaration of the rights of parties or to act under the provisions of the Declaratory Judgment Law of Kentucky. This demurrer was sustained. Twelve days later a final judgment was entered, reciting that the plaintiffs having failed to amend their petition, and the court being of opinion that it had no jurisdiction of the action, the same was dismissed. This direct writ of error was allowed upon the question of jurisdiction, under § 238 of the Judicial Code, before the amendment made by the Jurisdictional Act of 1925 became effective.

The sole purpose of the petition, as shown by its express allegations, is to obtain a declaration from the District Court of the rights and duties of the plaintiffs under the Act of 1924, and a determination of the extent to which they must comply with its provisions in the conduct of their business. This is its entire scope. While the Commonwealth Attorney is made a defendant as a representative of the Commonwealth, there is no semblance of any adverse litigation with him individually; there being neither any allegation that the plaintiffs have done or contemplate doing any of the things forbidden by the Act before being advised by the court as to their rights, nor any allegation that the Commonwealth Attorney has threatened to take or contemplates taking any action against them for any violation of the Act, either past or prospective. And no relief of any kind is prayed against him, by restraining action on his part or otherwise,

The question whether the District Court has jurisdiction to entertain such a petition for a declaration of rights admits of but one answer under the prior decisions of this Court.

We need not review these at length. It suffices to say that in the light of the decisions in *Muskrat* v. *United States,* 219 U. S. 346, 357; *Fairchild* v. *Hughes,* 258 U. S. 126, 129; *Texas* v. *Interstate Commerce Comm.,* 258 U. S. 158, 162; *Keller* v. *Potomac Elec. Co.,* 261 U. S. 428, 444; *Massachusetts* v. *Mellon,* 262 U. S. 447, 488; *New Jersey* v. *Sargent,* 269 U. S. 328, 330; and *Postum Cereal Co.* v. *California Fig-Nut Co.,* 272 U. S. 693, in which the principles stated in earlier cases are considered and applied— it is not open to question that the judicial power vested by Article III of the Constitution in this Court and the inferior courts of the United States established by Congress thereunder, extends only to " cases " and " controversies " in which the claims of litigants are brought before them for determination by such regular proceedings as are established for the protection and enforcement of rights, or the prevention, redress, or punishment of wrongs; and that their jurisdiction is limited to cases and controversies presented in such form, with adverse litigants, that the judicial power is capable of acting upon them, and pronouncing and carrying into effect a judgment between the parties, and does not extend to the determination of abstract questions or issues framed for the purpose of invoking the advice of the court without real parties or a real case.

In the *Muskrat* case, *supra,* in which it was held that it was not within the constitutional authority of this Court to entertain an appeal from the Court of Claims in a suit brought, under a permissive act of Congress, by members of the Cherokee Tribe of Indians to determine the constitutional validity of certain congressional enactments, the Court, in an extended opinion reviewing the earlier

cases, said: "As we have already seen by the express terms of the Constitution, the exercise of the judicial power is limited to ' cases ' and ' controversies.'  Beyond this it does not extend, and unless it is asserted in a case or controversy within the meaning of the Constitution, the power to exercise it is nowhere conferred.  .  .  .  It is  .  .  .  evident that there is neither more nor less in this procedure than an attempt to provide for a judicial determination  .  .  .  of the constitutional validity of an act of Congress.  Is such a determination within the judicial power conferred by the Constitution, as the same has been interpreted and defined in the authoritative decisions to which we have referred?  We think it is not. That judicial power, as we have seen, is the right to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction.  .  .  .  This attempt to obtain a judicial declaration of the validity of the act of Congress is not presented in a ' case ' or ' controversy,' to which, under the Constitution of the United States, the judicial power alone extends.  .  .  .  The whole purpose of the law is to determine the constitutional validity of this class of legislation, in a suit not arising between parties concerning a property right necessarily involved in the decision in question, but in a proceeding against the Government in its sovereign capacity, and concerning which the only judgment required is to settle the doubtful character of the legislation in question.  Such judgment will not conclude private parties, when actual litigation brings to the court the question of the constitutionality of such legislation.  In a legal sense the judgment could not be executed, and amounts in fact to no more than an expression of opinion upon the validity of the acts in question."

And in *New Jersey* v. *Sargent, supra,* it was held that this Court could not entertain a bill for an injunction against federal officers charged with the administration

of a federal statute, which did not show that any justiciable right of the State was being, or about to be, affected prejudicially by the application of the statute, but, in effect, sought merely to obtain an abstract judicial declaration that, in certain features, the statute exceeded the authority of Congress and encroached upon that of the State.

It follows necessarily from these decisions that the District Court, as a court of the United States established under Article III of the Constitution, had no jurisdiction to entertain the petition for the declaratory judgment.

Manifestly the Federal Conformity Statute, R. S. § 914 (U. S. Code, Tit. 28, § 724) conferred upon the court no jurisdiction to proceed in accordance with the Declaratory Judgment Law of Kentucky. This statute relates only to " practice, pleadings, and forms and modes of procedure; " and neither purports to nor can extend the jurisdiction of the district courts beyond the constitutional limitations. See *Southern Pacific Co.* v. *Denton,* 146 U. S. 202, 209; *Mexican Central Ry.* v. *Pinkney,* 149 U. S. 194, 206.

The plaintiffs in error also rely in argument here upon § 274a of the Judicial Code (U. S. Code, Tit. 28, § 397), which provides that on finding that a suit at law should have been brought in equity, or *vice versa,* the court shall order any amendments to the pleadings which may be necessary to conform to the proper practice, and that any party may amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court. This statute relates merely to a case in which the objection is to the side of the court on which the suit is brought, and not to the entire lack of jurisdiction in the court. It is plain that it has no application here, where the court was without jurisdiction to entertain the petition for a declaratory judgment either upon the equity or the law side.

The judgment dismissing the petition for want of jurisdiction is accordingly

*Affirmed.*