**LIONEL CORPORATION et al. v.
DE FILIPPIS et al.**

No. 7640.

District Court, E. D. New York.
Feb. 10, 1936.

John M. Cole, of New York City (Joel B. Liberman, of New York City, of counsel), for plaintiffs.

Carl E. Ring, of New York City, for defendants.

MOSCOWITZ, District Judge.

This is an action in equity, brought pursuant to the Federal Declaratory Judgment Act (Jud.Code § 274d, 28 U.S.C.A. § 400). There is set forth in the complaint an allegation of actual controversy between the parties by reason of an alleged infringement by plaintiffs of certain patents claimed to be owned by the defendant Pierro under an assignment from defendant De Filippis. Briefly stated, the complaint alleges that plaintiff Lionel Corporation and the defendant De Filippis, owner of certain patents, entered into a license agreement in respect thereto wherein the exclusive right to make and sell articles embodying the inventions of the patents were assigned to the corporation, which agreed, among other things, to pay certain royalties; that, for various reasons, the said license agreement had been terminated in March, 1933, and thereafter plaintiff corporation began the manufacture and sale of articles which did not employ any of the inventions claimed in the aforesaid patents; that subsequent thereto De Filippis instituted an action against the plaintiffs herein in the Supreme Court of the state of New York, and, from affidavits submitted by the said De Filippis in support of a motion for an examination of parties in that action, it appears that De Filippis alleged that the articles manufactured by plaintiff corporation herein were under the patents included in the aforesaid license agreement and he claimed royalties were due him therefor; that, by reason of the termination of the said license agreement, the only issues which could be litigated in any court were the validity of the patents and their infringement by plaintiff, and that such issue could be tried only in the federal courts; that the patents are invalid, or, if valid, have not been infringed by any acts of plaintiff corporation, and the said corporation has a right to manufacture and sell the articles described without interference by defendants. The plaintiffs therefore seek a declaratory judgment to the effect that the plaintiffs have a right to manufacture and sell the said articles without interference from the defendants and that the letters patent in question are invalid, or, if valid, not infringed by any of the plaintiffs.

Defendant has moved for a dismissal of the complaint upon the following grounds: First, because the Federal Declaratory Judgment Act is unconstitutional; secondly, because an action against a patentee to declare a patent not infringed or invalid does not come within the scope of the Federal Declaratory Judgment Act; and, finally, because the complaint does not allege a cause of action arising under the patent laws.

Considering the last of these points first, it suffices to state that in an opinion in this matter heretofore rendered by Judge Galston (Lionel Corporation et al. v. De Filippis

et al. [D.C.] 11 F.Supp. 712, 716), the conclusion was reached that the complaint herein stated a sufficient cause of action, and no adequate reason is now presented why this court should differ with the following statements made by Judge Galston in that opinion: "The real controversy between the parties is whether the toy boats are an infringement. That cannot be determined except under the patent laws. The issue is one which should be determined in the first instance by a federal District Court."

The remaining contentions made in support of the motion herein likewise cannot be sustained. The Federal Declaratory Judgment Act (Jud. Code § 274d, 28 U.S.C.A. § 400) provides:

"(1) In cases of actual controversy except with respect to Federal taxes the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

"(2) Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why further relief should not be granted forthwith.

"(3) When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not."

The statute is unconstitutional only if there is validity to the argument that a suit for a declaratory judgment is not a case or controversy under article 3 of the Constitution. Prior definitions of the United States Supreme Court of "case or controversy," as used in article 3, called for the following requirements: That the parties be adverse in interest (Marye v. Parsons, 114 U.S. 325, 5 S.Ct. 932, 962, 29 L.Ed. 205); that the case be not moot (Barker Painting Co. v. Local No. 734, Brotherhood of Painters, Decorators and Paperhangers, 281 U.S 462, 50 S.Ct. 356, 74 L.Ed. 967); that a final judgment be possible (Gordon v. United States, 2 Wall. 561, 17 L.Ed. 921); that the interest of the plaintiff be definite and specific (New Jersey v. Sargent, 269 U.S. 328, 46 S.Ct. 122, 70 L.Ed. 289); that no abstract determination be sought (Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246). It would seem quite plain that there is a proper exercise of judicial power if there is present an actual controversy raised by one party against another party having adverse interests, and susceptible of judicial determination. Whether or no there is a proper exercise of such power in a given instance hardly can be made to depend for answer upon the label given to the particular proceeding involved. Yet, in view of certain dicta found in the cases of Liberty Warehouse Co. v. Grannis, 273 U.S. 70, 47 S.Ct. 282, 71 L.Ed. 541, and Willing v. Chicago Auditorium Ass'n, 277 U.S. 274, 48 S.Ct. 507, 72 L.Ed. 880, doubts had arisen whether the federal courts had constitutional power to render a declaratory judgment as such, notwithstanding there might in fact be present all the requisite elements for the exercise of judicial power. These doubts, however, were ended with the decision of the Supreme Court in the case of Nashville, Chattanooga & St. Louis Ry. Co. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191, where the issue of constitutionality was squarely presented to the court. It is enough for present purposes to refer to the following comment upon that case made by Judge Patterson in Zenie Bros. v. Miskend (D.C.) 10 F.Supp. 779, 780: "The defendants say that the act is unconstitutional, that a suit for declaratory judgment is not a 'case' or 'controversy' within the judicial power of the constitutional courts as defined in article 3, § 2 of the Constitution. The decision in Nashville, Chattanooga & St. Louis Ry. Co. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191, is an answer. It was there held that in a case presenting questions under the Constitution of the United States, the Supreme Court had power to review a declaratory judgment of a state court so long as the essentials of an adversary proceeding, actual controversy, and finality of judgment were present. The dicta in earlier cases relied on here by the defendants (Liberty Warehouse Co. v. Grannis, 273 U.S. 70, 47 S.Ct. 282, 71 L.Ed. 541; Willing v. Chicago Auditorium Ass'n, 277 U. S. 274, 48 S.Ct. 507, 72 L.Ed. 880) were explained and limited. True, the court re-

marked more recently in Alabama v. Arizona, 291 U.S. 286, 291, 54 S.Ct. 399, 401, 78 L.Ed. 798, that it 'may not be called on to give advisory opinions or to pronounce declaratory judgments'; but the statement, so far as declaratory judgments are concerned, doubtless referred not to want of constitutional authority, but to want of statutory authority, a want which has now been supplied. The Nashville Case must, I think, be deemed determinative that the judicial power is broad enough to cover suits for declaratory judgment 'in cases of actual controversy.' "

I am in entire accord with the foregoing views expressed by Judge Patterson and concur with his conclusion that the Federal Declaratory Judgment Act is constitutional.

Finally, it is sufficient answer to defendant's remaining contention, that there is presented here a justiciable issue, to be determined under the patent laws of the United States, and there is nothing in the Federal Declaratory Judgment Act which indicates a congressional intent to exclude patent controversies from its operation. See Zenie Bros. v. Miskend, supra, and Automotive Equipment, Inc., v. Trico Products Corporation (D.C.) 11 F.Supp. 292.

Motion denied.

Settle order on notice.