**JOHN P. AGNEW & CO., Inc., et al. v. HOAGE, Deputy Commissioner.**

No. 62851.

District Court of United States for the District of Columbia.

Jan. 12, 1937.

Whiteford, Marshall & Hart, of Washington, D. C., for plaintiffs.

Leslie C. Garnett, U. S. Atty., and Allen J. Krouse, Asst. U. S. Atty., both of Washington, D. C., for defendant.

COX, Justice.

The plaintiffs complain of a ruling of the Deputy Commissioner of the Employees' Compensation Commission, acting for the Commission in the District of Columbia, under the provisions of the District Employees' Compensation Act, viz., Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. c. 18, § 901 et seq. [33 U.S.C.A. § 901 et seq.]), made applicable to the District of Columbia by the Act of May 17, 1928 (D.C.Code, T. 19, c. 2, §§ 11, 12 [33 U.S.C.A. § 901 note]).

The ruling is to the effect that a "coal hustler" ("person employed to carry coal, unloaded by the coal dealer, to the consumer's coal bin") is to be classified as an employee under the Employees' Compensation Act "if employed and paid by the coal dealer," even though the dealer may charge the cost to the consumer. It is charged the ruling is erroneous under the facts set out in the bill and results in materially increasing the cost of insurance the plaintiffs are required to carry for the protection of employees under the Compensation Act.

Decree is sought by way of declaratory judgment under the Federal Declaratory Judgment Act (Jud.Code, § 274d, 28 U.S.C. § 400 [28 U.S.C.A. § 400 and note]), that a "coal hustler" working under the conditions described in the bill is not an employee required to be covered and protected

under the insurance provisions of the Compensation Act.

The defendant has moved to dismiss the bill on the ground, among others, that the court has no jurisdiction to grant the relief sought. The bill does not set out the circumstances under which the challenged ruling was made, but it is assumed to have arisen in connection with the provisions of the act relating to security for compensation of employees. 33 U.S.C. §§ 932, 935, 936 (33 U.S.C.A. §§ 932, 935, 936).

The Federal Declaratory Judgment Act, which deals with "cases of actual controversy," has been held to be a purely remedial statute which does not "add to the content of the jurisdiction" of the federal courts. Gully v. Interstate Natural Gas Co. (C.C.A.) 82 F.(2d) 145; Putnam v. Ickes, 64 App.D.C. 339, 78 F.(2d) 223, followed by Southern Pacific Co. v. McAdoo (C.C.A.) 82 F.(2d) 121; Bradley Lumber Co. v. National Labor Relations Board (C.C.A.) 84 F.(2d) 97.

The Compensation Act is a new statutory enactment, the provisions of which appear to be mandatory and exclusive. No provision is found in the act for review by the court of the rules and regulations made by the Commission for the administration of the act (33 U.S.C. § 939 [33 U.S.C.A. § 939]), or of its actions in authorizing or requiring insurance or suspending or revoking authorization therefor (33 U.S.C. §§ 932, 935, 936 [33 U.S.C.A. §§ 932, 935, 936]). All such matters appear to be left within the discretion of the Commission. The jurisdiction of the court seems limited to the enforcement of compensation orders through judgments entered thereon, and to the review of such orders for the purpose of determining whether they are in accordance with law and of suspending or setting them aside in whole or in part on the sole ground they are "not in accordance with law." 33 U.S.C. §§ 918, 921 (33 U.S.C.A. §§ 918, 921).

In this case no order has been passed granting or denying compensation. Such an order can be passed only upon a claim for injury made by an employee, or representative of a deceased employee, against the employer. 33 U.S.C. § 912 (33 U.S.C.A. § 912). Nor does it appear that any "coal hustler" has been injured or that he has made, or threatens to make, claim against any of the plaintiffs. It seems plain that "no actual controversy" has arisen of the kind of which this court has jurisdiction under the compensation act, and hence to follow that the suit for declaratory judgment cannot be maintained. See Liberty Warehouse Co. v. Grannis, 273 U.S. 70, 74, 47 S.Ct. 282, 283, 71 L. Ed. 547.

The motion to dismiss the bill is granted, with leave to plaintiff to amend in ten days if so advised; otherwise decree to be settled on two days' notice.