ABBOTT LABORATORIES, et al.

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, and George P. Larrick, Commissioner of Food and Drugs, Appellants.

No. 15055.

United States Court of Appeals Third Circuit.

Argued April 2, 1965.

Decided Nov. 1, 1965.

William W. Goodrich, Washington, D. C. (Joanne S. Sisk, Attorney, United States Department of Health, Education, and Welfare, Washington, D. C., Herbert J Miller, Jr., Asst. Atty. Gen., Alexander Greenfeld, U. S. Atty., William J. Wier, Jr., Asst. U. S. Atty., Wilmington, Del., Jerry H. Opack, Attorney, Department of Justice, on the brief), for appellant.

Gerhard A. Gesell, Washington, D. C. (Stanley L. Temko, Herbert Dym, Covington & Burling, Washington, D. C., on the brief), for plaintiffs-appellees (except Merck & Co., Inc. and Pharmaceutical Manufacturers Ass'n).

Hayward H. Coburn, Philadelphia, Pa. (Drinker, Biddle & Reath, Philadelphia, Pa., on the brief), for Merck & Co., Inc.

Lloyd N. Cutler, Washington, D. C. (Marshall Hornblower, Daniel K. Mayers, Wilmer, Cutler & Pickering, Washington, D. C., on the brief), for Pharmaceutical Manufacturers Ass'n.

C. Joseph Stetler, John K. Worley, Washington, D. C., for Pharmaceutical Manufacturers Ass'n.

Alexander L. Nichols, Wilmington, Del. (William S. Megonigal, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, Del., on the brief), for plaintiffs-appellees.

Before HASTIE and FREEDMAN, Circuit Judges, and WEBER, District Judge.

WEBER, District Judge.

This is an appeal from a declaratory judgment and injunction granted to plaintiffs in the District Court which holds that regulations issued and promulgated by defendants, the Secretary of Health, Education and Welfare, and the Commissioner of Food and Drugs are null and void and not authorized by the statute on which they are based. The injunction restrains the defendants and all parties acting under them from enforcing or attempting to enforce the regulations.

The statute involved is popularly known as the "Drug Amendments of 1962", which added the provisions in question to the Federal Food, Drug and Cosmetic Act, as amended. 21 U.S.C. § 301 et seq. (The Act).

§ 502(e) (1) (B) of the Act, 21 U.S. C. § 352(e) (1) (B) provided that the labeling of a prescription drug shall be considered "misbranded" unless the established or generic name of the drug is printed prominently on the label in type half as large as any brand or proprietary name. § 502(n) of the Act contains a similar requirement for advertising matter concerning the drug. Penalties are provided for "misbranding."

The generic name or the established name of a drug is its chemical name, a common name, or an official name used in an official compendium. The proprietary name is the name given by the manufacturer to designate its source of manufacture and to differentiate its product from the same or chemically similar drugs from other manufacturers.

§ 502(e) (1) (B), 21 U.S.C. § 352(e) (1) (B) contains a provision that to the extent that compliance with the requirements is impracticable, exceptions shall be established by regulations promulgated by the Secretary.

§ 701(a), 21 U.S.C. § 371(a) grants the authority to the Secretary to promulgate regulations for the efficient enforcement of the Act, except as otherwise provided in that section.

§ 701(e) (1) of the Act provides the procedure to be employed for the issuance, amendment, or repeal of any regulations under specific sections of the Act, including the filing and disposition of objections thereto by full hearing, the issuance of final orders thereon by the Secretary, and the provision for appeal thereon to the Circuit Court of Appeals. The sections of the Act in question here were not covered by the hearing appeal process recited above.

Pursuant to the authority to promulgate regulations, the Commissioner, as the delegate of the Secretary, issued the regulations in question here, which provided that under the provisions of § 502 (e) (1) (B), (the labeling requirement), and § 502(n), (the advertising requirement) of the Act, *each time* the trade name is used on labels or labeling, or in advertisements of prescription drugs, the established name shall also be used prominently and in type half as large. (21 C.F.R. 1.104(g) (1) and 1.105(b) (1); 28 Fed.Reg. 6375 and 6376). These regulations were adopted in accordance with the procedure provided by § 4 of the Administrative Procedure Act, 5 U.S.C. § 1003, after publication of notice of intent, and the submission of comments and objections by interested parties.

Plaintiffs brought this action in the District Court praying for declaratory judgment and injunctive relief. They rely on the existence of a Federal question, 28 U.S.C. § 1331, the Declaratory Judgment Act, 28 U.S.C. § 2201, and § 10 of the Administrative Procedure Act, 5 U.S.C. § 1009 for jurisdiction. They contend that the *each time* requirements of the regulations are invalid as beyond the requirements of the Act.

The District Court found it unnecessary to rule whether § 10 of the Administrative Procedure Act provided a basis for review of the regulations. It took cognizance of the case under the Declaratory Judgment Act on the grounds that the regulations placed plaintiffs in a position of peril and imminent danger, and that the regulations in question were ripe for review. It not only declared the regulations void because the statute would not bear the interpretation placed upon it, but also issued a sweeping injunction against the enforcement thereof.

Questions of venue of the District Court for all of the many plaintiffs, the standing of a trade association as a party, the inclusion of the Attorney General as a necessary party, and the status of the case as an unconsented suit against the United States were disposed of by the Court, and by reason of the conclusions reached herein, will not be discussed.

The basic question on appeal here is one of justiciability. May the district court review, under the Declaratory Judgment Act, an interpretive regulation of the Commission issued under authority of the statute, where Congress has not provided for judicial review of the sections in question? Furthermore, was such review within the statutory scheme of regulation imposed by Congress when it specifically provided for judicial review of other regulations authorized under certain specific sections of the Act, as set forth in § 10(e) (1), 21 U.S.C. § 371? We believe that the answer would be the same under the provisions of § 10 of the Administrative Procedure Act, which imposes essentially the same requirements for justiciability as the Declaratory Judgment Act.

A District Court of the United States is limited to those cases over which Congress has granted it jurisdiction. To a large extent the provisions for judicial review of administrative agency action are not applicable to the District Courts, but are placed under the jurisdiction of the Courts of Appeal. Those cases arising from the District Courts which review administrative regulations are largely based on statutory provisions for such review. Frozen Food Express v. United States, 351 U.S. 40, 76 S.Ct. 569, 100 L.Ed. 910 (1956), was reviewed un-

der the statutory scheme for review of I.C.C. orders by a specially constituted District Court, 28 U.S.C. § 1336. Columbia Broadcasting System, Inc. v. United States, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563 (1942) arose under § 402(a) of the Communications Act of 1934, 47 U.S.C. § 402(a), which provided for judicial review of certain orders of the Federal Communications Commission by a specially constituted District Court, with direct appeal therefrom to the Supreme Court. Under § 402(b) of that Act review of other types of orders are available only through an appeal to the Court of Appeals of the District of Columbia.

■ It seems clear to this Court that the intent of Congress was that the administrative regulations for which no review was specifically provided prior to enforcement were those interpretive regulations which represented the Commissioner's interpretation of the meaning of the Act. The regulations in question are not those having the force and effect of law by virtue of authority delegated by the Act; they are not an "adjudication" and they are not an "order" and "licensing" under the definitions of § 2(d) of the Administrative Procedure Act, 5 U.S.C. § 1001(d), as a standard for determination of final agency action as required for judicial review under § 10 of that Act.

The regulations in question were adopted pursuant to § 4 of the Administrative Procedure Act, 5 U.S.C. § 1003, which provided for a hearing on the proposed rules before their promulgation. In such a case, the intent of Congress as shown by the specific review provisions of the Act, 21 U.S.C. § 371(e), was to preclude judicial review prior to the enforcement stage. It may be noted that in § 502(e) (1) (B), Congress has provided for exemption regulations for the labeling requirements where compliance is impracticable. No attempt has been made by plaintiffs to secure relief under that provision.

■ It has been frequently held that judicial review of such preliminary administrative determination does not fit the statutory scheme of Congress. As was stated in Ewing v. Mytinger & Casselberry, 339 U.S. 594, at pp. 600–601, 70 S.Ct. 870, at p. 873, 94 L.Ed. 1088:

> "Congress made numerous administrative determinations under the Act [1] reviewable by the courts.[2] But it did not place the finding of probable cause under § 304(a) in that category. This highly selective manner in which Congress has provided for judicial review reinforces the inference that the only review of the issue of probable cause which Congress granted was the one provided for in the libel suit. Cf. Switchmen's Union [of North America] v. [National Mediation] Board, 320 U.S. 297, 305–306 [64 S.Ct. 95, 99, 88 L.Ed. 61]."

As has been recently stated by the Supreme Court in Whitney National Bank in Jefferson Parish v. Bank of New Orleans, 379 U.S. 411, at p. 420, 85 S.Ct. 551, at p. 557, 13 L.Ed.2d 386 (1965):

> "Congress has set out in the Bank Holding Company Act of 1956 a carefully planned and comprehensive method for challenging Board determinations. That action by Congress was designed to permit an agency, expert in banking matters, to explore and pass on the ramifications of a proposed bank holding company arrangement. To permit a district court to make the initial determination of a plan's propriety would substantially decrease the effectiveness of the statutory design."

and at page 422, 85 S.Ct. at page 558:

> "That Congress has not expressly provided that the statutory procedure is to be exclusive does not require a different conclusion."

■ In addition to the policy of Congress in limiting the administrative mat-

---

1. The Act in question here.

2. Foot-note omitted.

ters for which judicial review was provided, which did not include the sections of the Act in question, there are serious obstacles to the use of the Declaratory Judgment Act here as a basis of jurisdiction.

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest. Brillhart v. Excess Insurance Co., 316 U.S. 491 [62 S.Ct. 1173, 86 L.Ed. 1620]; Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 297–98 [63 S.Ct. 1070, 1072, 1073, 87 L.Ed. 1407]; H.R.Rep.No. 1264, 73rd Cong., 2d Sess. p. 2; Borchard, Declaratory Judgments (2d ed. 1941) pp. 312–14. It is always the duty of a court of equity to strike a proper balance between the needs of the plaintiff and the consequences of giving the desired relief. Especially where governmental action is involved, courts should not intervene unless the need for equitable relief is clear, not remote or speculative." Eccles v. Peoples Bank, 333 U.S. 426, at p. 431, 68 S.Ct. 641, at p. 644, 92 L.Ed. 784 (1948).

The regulations in question are advisory statements as opposed to legislative rules. Cf. Standard Computing Scale Co. v. Farrell, 249 U.S. 571, 39 S.Ct. 380, 63 L.Ed. 780 (1919). The Act does not give them the force of law, they rise no higher than the terms of the Act itself.

The Declaratory Judgment Act confines the remedy to be limited to an actual "case or controversy". There must be proof of threatened enforcement action that would cause irreparable harm; the judgment sought must conclusively settle a specific controversy between the parties. Public Service Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952).

The case must be appropriate for judicial determination. The relief is available only for a "concrete case admitting of an immediate and definitive determi-nation of the legal rights of the parties in an adversary proceeding upon the facts alleged * * *." Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937).

In the case in question the district court was asked for an advisory opinion rather than a concrete decision. It was asked to substitute its discretion for an administrative discretion as to the meaning of the Act. No specific case was presented, no immediate prosecution threatened. The administrative intention was expressed but had not yet come to fruition.

"The judicial power does not extend to the determination of abstract questions. Muskrat v. United States, 219 U.S. 346, 361 [31 S.Ct. 250, 55 L.Ed. 246]; Liberty Warehouse Co. v. Grannis, 273 U.S. 70, 74 [47 S.Ct. 28?, 71 L.Ed. 541]; Willing v. Chicago Auditorium Assn., 277 U.S. 274, 289 [48 S.Ct. 507, 72 L.Ed. 880]; Nashville, C. & St. L. Ry. Co. v. Wallace, 288 U.S. 249, 262, 264 [53 S.Ct. 345, 77 L.Ed. 730]." Ashwander v. Tennessee Valley Authority, 297 U.S. 288, at p. 324, 56 S.Ct. 466, at p. 472, 80 L.Ed. 688 (1936).

The threat of enforcement must be real, and not merely implied by the existence of the law and regulations. This would require the exercise of administrative discretion by the agency and also by the Attorney General. There was no threat of enforcement facing the plaintiffs here sufficient to give an adequate basis for declaratory relief. United Public Workers of America (CIO) v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1946).

Perhaps, the closest parallel to the instant case is Helco Products Co. v. McNutt, 78 U.S.App.D.C. 71, 137 F.2d 681, 149 A.L.R. 345 (1943), which involved an administrative interpretation of a section of the same Act by the Commissioner. The Court details the stages of exercise of discretion between an ad-

ministrative interpretation and prosecution. The Court concluded at p. 683:

"We conclude that the present case was not an appropriate one for a declaratory judgment * * *. The Supreme Court has said the pronouncements, policies, and programs of a government administrative agency do not give rise to a justiciable controversy, save as they have fruition in action of a definite and concrete character, constituting an actual or threatened interference with the rights of persons complaining." (Citing Ashwander v. T. V. A., supra.)

The jurisdiction of the District Court in this case is likewise limited by equitable principles that such relief as is demanded here is available only in the absence of an adequate remedy at law. Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1958), Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). Congress has provided a variety of avenues of legal remedy; the exemption provision in the statute where compliance is impracticable, the opportunity to be heard in the rule making proceedings of § 4 of the Administrative Procedure Act; the opportunity to test the interpretation under the enforcement procedures provided for "misbranding", which are (1) seizure proceedings, (2) injunction proceedings, or (3) criminal prosecution. § 301(a) and (b), 21 U.S.C. § 331(a) and (b). Likewise, if enforcement should be attempted under the new drug clearance procedures of § 505, 21 U.S.C. § 355, or the antibiotic certification, § 507, 21 U.S.C. § 357, there are provisions for administrative hearing and review by the Court of Appeals. Ultimately, final recourse to the District Court for relief under the Declaratory Judgment Act or the Administrative Procedure Act, § 10 in a concrete factual setting involving an actual controversy, is not ruled out at a later stage in the administrative process.

We, therefore, hold that in view of the policy of Congress limiting prior judicial review of administrative actions under this Act to specific sections, not including the ones in question, and in view of the absence of an "actual case or controversy" required for justiciability under the Declaratory Judgment Act, the action of the district court was beyond its permissible area of discretion and the judgment must be vacated, the injunction dissolved, and the action dismissed.

An appropriate order will be entered.