**NEBRASKA STATE AFL–CIO, Plaintiff,**

v.

**The STATE OF NEBRASKA, Defendant.**

**Civ. No. 03605.**

United States District Court,
D. Nebraska.

Nov. 24, 1970.

Robert E. O'Connor, of Ross & O'Connor, Omaha, Neb., for plaintiff.

Robert A. Nelson, Sp. Asst. Atty. Gen. of the State of Nebraska, for defendant.

Edson Smith, of Swarr, May, Royce, Smith, Andersen & Ross, Omaha, Neb., for intervening defendant.

## MEMORANDUM

RICHARD E. ROBINSON, Chief Judge.

This matter comes before the Court on the motions of defendant, State of Nebraska, and of Intervenor, Nebraska Association of Commerce and Industry, to dismiss [Filings number 11 and 7]. Oral arguments have been heard and briefs have been received from all parties.

The plaintiff in this case, Nebraska State AFL–CIO, brought this action for a declaratory judgment stating that Nebraska Revised Statute § 48–217 [Re-issue, 1966] is unconstitutional.

In 1946 the State of Nebraska, by constitutional referendum, adopted an amendment to its Constitution, to-wit: [Article XV],

"Sec. 13. *Labor organization; no denial of employment; closed shop not permitted.* No person shall be denied employment because of membership in or affiliation with, or resignation or expulsion from a labor organization or because of refusal to join or affiliate with a labor organization; nor shall any individual or corporation or association of any kind enter into any contract, written or oral, to exclude persons from employment because of membership in or nonmembership in a labor organization."

Shortly thereafter the 1947 Session of the Nebraska Legislature passed the following statute:

"48–217. *Labor organizations; no denial of employment; closed shop not permitted.* To make operative the provisions of Sections 13, 14 and 15 of Article 15 of the Constitution of Nebraska, no person shall be denied employment because of membership in or affiliation with, or resignation or expulsion from a labor organization or because of refusal to join or affiliate with a labor organization; nor shall any individual or corporation or association of any kind enter into any contract, written or oral, to exclude persons from employment because of membership in or nonmembership in a labor organization."

The above constitutional amendment and legislative act is generally referred to jointly as the Nebraska "Right to Work" law. During the 1961 legislative session the above-referred to statute was

amended by adding the phrase "* * * or pay a fee either directly or indirectly to a * * *" after the words "affiliate with."

The complaint challenges all agency shop agreements as unconstitutional under the Nebraska and United States Constitutions. Said agreements are defined in the Labor Relations Expediter as follows:

"Agency shop agreements do not require employees to join the union, but instead require non-union workers to make regular payments to the union in an amount equal to the dues and fees paid by union members."

However, in its brief plaintiff classified agency shop agreements into two types:

"Type I.—An agreement whereby non-union employees must pay union dues.

"Type II.—An agreement whereby nonunion members pay for only their proportionate share of collective bargaining expenses." [Plaintiff's br. p. 6]

In its brief plaintiff shifts the position stated in its complaint and agrees with defendant that the Supreme Court has held that states may prohibit "Type I agency shop agreements. See Retail Clerks, etc. v. Schermerhorn, 373 U.S. 746, 83 S.Ct. 1461, 10 L.Ed.2d 678 [1963]. The plaintiff contends, however, that the "Type II" agency shop agreements have not been considered by the High Court and that Congress has not allowed states to prohibit such an agreement.

Plaintiff argues that the aforementioned amended statute should be declared void on two grounds:

■■ Because it amounts to amending the state constitution by a legislative act.

■■ That the act constitutes an unconstitutional infringement upon interstate commerce.

■■ Defendants have raised several defenses and among them strongly urge that the action should be dismissed for failure to show the existence of "a case of actual controversy." The Court agrees.

The statute under which this action is brought 28 U.S.C. § 2201, provides:

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. * * *"

Plaintiff has not alleged that any demand for an agency shop contract is being made upon a certain employer by a union affiliated with plaintiff. Plaintiff is merely seeking determination by the Court of the constitutionality of Nebraska Revised Statute § 48–217 as amended in 1961.

■■ This Court does not and cannot render advisory opinions. United Public Workers of America (C.I.O.) v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 [1947]. The Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 limits itself to "cases of actual controversy", and becomes operative only in respect to controversies which are such in the constitutional sense. Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L. Ed. 617 [1937].

Appropriate here is the language in Golden v. Zwickler, 394 U.S. 103, 89 S. Ct. 956, 22 L.Ed.2d 113 [1969] wherein the United States Supreme Court said:

"'[T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues, "concrete legal issues, presented in actual cases, not abstractions" are requisite. This is as true of declaratory judgments as any other field.' United Public Workers of America (C.I.O.) v. Mitchell, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754, [766] (1947). 'The difference between an abstract question and a "con-

troversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826, [828] (1941).

"It was not enough to say, as did the District Court, that nevertheless Zwickler has a 'further and far broader right to a general adjudication of unconstitutionality * * * [in] [h]is own interest as well as that of others who would with like anonymity practise free speech in a political environment * * *.' The constitutional question, First Amendment or otherwise, must be presented in the context of a specific live grievance. In United Public Workers of America (C.I.O.) v. Mitchell, supra, at 89–90, 67 S.Ct., at 564, [91 L.Ed. 767], we said: 'The power of courts, and ultimately of this Court to pass upon the constitutionality of acts of Congress arises only when the interests of litigants require the use of this judicial authority for their protection against actual interference. A hypothetical threat is not enough.' The same is true of the power to pass upon the constitutionality of state statutes. No federal court, whether this Court or a district court, has 'jurisdiction to pronounce any statute, either of a state or of the United States, void, because irreconcilable with the constitution,

*except as it is called upon to adjudge the legal rights of litigants in actual controversies.'* Liverpool, N.Y. & P. S.S. Co. v. Commissioners, 113 U.S. 33, 39, 5 S.Ct. 352, 355, 28 L.Ed. 899, [901] (1885). See also United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524, [529] (1960). The express limitation of the Declaratory Judgment Act to cases 'of actual controversy' is explicit recognition of this principle."

Plaintiff draws fine distinctions in attacking the statute in question. As plaintiff is contending that *Schermerhorn* does not allow all agency shop agreements, it apparently wants this Court to determine the line, if one does in fact exist, of unconstitutionality in this area.

Thus appropriate here also is the language in Taylor v. Brotherhood of Ry. & Steamship Clerks, etc., D.C., 106 F.Supp. 438, 442 [1952], where it was said:

"It is well established that the courts will entertain only actual controversies between parties having adverse legal interests of certainty and immediacy, and will not judicially determine abstract questions or render a decree upon a hypothetical state of facts framed for the purpose of invoking the advice of the court without a real case. Liberty Warehouse Co. v. Grannis, 273 U.S. 70, 47 S.Ct. 282, 71 L.Ed. 541; Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S. Ct. 466, 80 L.Ed. 688; Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826."

The Court is of the opinion that the required "specific live grievance" needed before this Court may render any judgment is not present. Accordingly the action must be dismissed.