**NEBRASKA STATE AFL–CIO,**
Appellant,

v.

**The STATE OF NEBRASKA, Appellee,**
**Nebraska Association of Commerce and**
**Industry, Intervenor.**

**No. 20719.**

United States Court of Appeals,
Eighth Circuit.

Aug. 2, 1971.

Robert E. O'Connor, Benjamin M. Wall, Foulks, Wall & Wintroub, Omaha, Neb., on briefs for appellant.

Clarence A. H. Meyer, Atty. Gen. of Neb., Mel Kammerlohr, Asst. Atty. Gen., Robert A. Nelson, Sp. Asst. Atty. Gen., Lincoln, Neb., on briefs for appellee.

Edson Smith, Swarr, May, Smith & Andersen, Omaha, Neb., on briefs for intervenor.

Before MATTHES, Chief Judge, VAN OOSTERHOUT, Circuit Judge, and EISELE, District Judge.*

PER CURIAM.

The plaintiff in this action, appellant here, is the Nebraska State AFL–CIO. It alleged in its original complaint below that it is an "unincorporated association". Although nothing appears of record to tell us who its members are, we were advised by counsel during oral argument that it is essentially a federation of local unions situated in Nebraska. It asks the Court to determine that a 1961 revision of the Nebraska statute commonly known as the "right-to-work" law is constitutionally invalid. It asserts such invalidity under the Nebraska constitution, the United States Constitution, and § 164(b) of Title 29 U.S.C.

We do not believe that the plaintiff has standing to bring the suit. Nor does the complaint herein present a case of actual controversy.

* United States District Judge, Eastern District of Arkansas, sitting by designation.

Appellant correctly notes that the Supreme Court recently made a comprehensive review of the concept of justiciability in Flast v. Cohen, 392 U.S. 83, 88 S. Ct. 1942, 20 L.Ed.2d 947. Part of that discussion is devoted to a review of the standing requirement, including a restatement of the rationale behind such a requirement. *Id.*, at 98–101, 88 S. Ct. 1942. The Court there repeats an often-quoted test enunciated earlier in Baker v. Carr, 369 U.S. 186, 204, 82 S. Ct. 691, 703, 7 L.Ed.2d 663: Has the party seeking relief "alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions?" While the present appellant would presumably not insist that we deal only with constitutional questions, standing is no less essential to a judicial determination of questions short of constitutional ones. The requisite interest and adversity will vary greatly depending upon the issues presented. Here, the Nebraska State AFL–CIO does not have a sufficient stake in the outcome of the controversy it seeks to initiate; it was admitted in oral argument that plaintiff is not a bargaining unit which can or will attempt to enter into contracts containing the agency shop provisions now assertedly forbidden by Nebraska law. Parenthetically it should be noted that the intervenor Nebraska Association of Commerce and Industry also does not enter into collective bargaining agreements on behalf of its members. It therefore would have the same difficulties as far as standing is concerned.

█ This case in its present posture is a good example of the dangers which have led to the requirement of standing. Appellant itself acknowledges that there are at least two types of agency shop agreements, and it appears from the briefs and statements of counsel that the number of possible agency shop provisions may be much greater than that. We are not presented with any specific language found or sought to be included in a labor contract. Appellant is seeking, as it admits, a "determination of the line of unconstitutionality" involved in these various sorts of agreements. The courts will not draw such a line in the absence of a specific case. Individual labor unions or locals may be able to present such a case. The present appellant cannot.

█ More importantly, perhaps, this is not a case presenting an actual controversy. The Court is being asked to render an advisory opinion. This it cannot do for the reasons cogently stated by Chief Judge Robinson in his opinion below, reported at 319 F.Supp. 239, which we adopt.

The order of the district court is affirmed.